```
 1  KAREN P. HEWITT
    United States Attorney
 2  STEVE MILLER
    Assistant U.S. Attorney
 3  California State Bar No. 138020
    United States Courthouse
 4  940 Front Street, Room 5152
    San Diego, California  92189-0150
 5  Telephone: (619) 557-5432
    email: steve.miller2@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                             )<br>           Plaintiff,        )<br>                             )<br>       v.                    )<br>                             )<br>JOSE LEONEL MAGANA,          )<br>                             )<br>           Defendant.        )<br>                             )<br>                             )<br>                             )<br>                             )<br>                             )<br>                             )<br>                             )<br>_____) | Criminal Case No. 07cr3057-WQH<br><br>DATE: January 4, 2008<br>TIME: 9:30 a.m.<br><br>GOVERNMENT'S RESPONSE AND<br>OPPOSITION TO DEFENDANTS'<br>MOTIONS TO:<br><br>(1)  COMPEL DISCOVERY<br>(2)  FILE FURTHER MOTIONS<br><br>TOGETHER WITH STATEMENT OF FACTS<br>AND MEMORANDUM OF POINTS AND<br>AUTHORITIES AND GOVERNMENT'S<br>MOTIONS FOR RECIPROCAL DISCOVERY |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Steve Miller, Assistant United States Attorney, and hereby files its response and opposition to defendants' above-referenced motions. Said response is based upon the files and records of this case, together with the attached statement of facts, memorandum of points and authorities.

//
//
//

I

STATEMENT OF FACTS

On October 8, 2007, at approximately 6:15 a.m., defendant JOSE LEONEL MAGANA drove a red Ford F-150 truck to the San Ysidro Port of Entry. At the primary inspection area, defendant told the inspector that he was a U.S. citizen and presented a California Driver's License. Defendant's hand shook as he handed over the license. The inspector asked defendant if he was brining anything back from Mexico and he said "nothing." The inspector noticed that defendant kept eating a burrito each time he asked a question. Defendant told the inspector that he owned the truck for two months and that he was going to work at Otay. The inspector asked defendant to turn off the truck and hand the keys over. Defendant's hands shook when he gave the keys to the inspector. Defendant said that there had been mechanical and body work done on the truck since he bought it. The inspector referred the truck to secondary inspection.

In the secondary inspection area, an x-ray of the truck showed discrepancies in the tires. When the tires were removed, the inspector recovered 5 packages of marijuana from each of defendant's tires. The twenty packages had a total weight of 50.65 kilograms.

Defendant was advised of his <u>Miranda</u> rights and agreed to make a statement. Defendant told the agents that he was recruited by a man named Juan de Dios to drive a vehicle loaded with drugs into the United States for $500. He was to drop the truck off at a parking lot next to the Pay Less Shoe Store and Church's Chicken Restaurant in San Ysidro. Defendant agreed to smuggle the drugs for de Dios on October 6 and picked up the truck on October 8 from a parking lot in Tijuana. Once defendant dropped the truck off, he was to return to Mexico and

1  wait for a phone call; the call would instruct defendant to return to
2  the United States and drive the truck back to Mexico. When defendant
3  picked up the truck, the $500 payment would be in the truck.
4      Registration documents in the truck listed defendant as the owner
5  of the truck since September 12, 2007. A records check also revealed
6  that defendant was convicted of importation of 40.26 kilograms of
7  marijuana in 2005. Defendant was a passenger in that case, was
8  sentenced to 6 months custody and is currently facing a revocation of
9  his supervised release. Defendant was also arrested in 2002 driving
10 a truck loaded with 57.76 kilograms of marijuana in the bed liner of
11 the truck. That case was declined. Among defendant's personal
12 effects was a card with a picture of Jesus Malverde, the folk hero who
13 is considered the patron saint of drug smuggling.

II

POINTS AND AUTHORITIES

A.   THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE

18     The Government has provided numerous pages of voluntary discovery
19 as well as a video disk of his statement to the agents. The
20 Government will continue to provide voluntary discovery when it
21 becomes available and will comply with Rule 16 and its obligations
22 under Brady v. Maryland, 373 U.S. 83 (1963), and 18 U.S.C. § 3500.
23     The Government gives specific notice of its intent to offer
24 evidence of other acts under Rule 404(b). By this notice, the
25 Government reserves the right to offer any evidence, of any act, that
26 was performed by the defendants, that is referenced in any of the
27 discovery. These acts include, but are not limited to, both of
28 defendant's prior arrests for smuggling marijuana into the United

States and facts related defendants' registration and purchase of the truck. The acts also include, but are not limited to events that only become relevant once defendants' theory of the case is revealed.

### B. ANY LEAVE FOR DEFENDANT TO FILE FURTHER MOTIONS SHOULD BE STRICTLY LIMITED

While the government recognizes this court's discretion to permit defendant to file further motions, the Government does oppose defendant's motion to the extent it is conjectural, overly broad and invites abuse. Any need for further motions should be justified at the time they are filed, permitting both the Government to oppose on a motion-by-motion basis and this court to determine if such motions could in fact have been filed earlier. Any other course would invite an interminable and protracted motion practice, resulting in delay of trial.

### C. THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED

#### 1. Rule 16(b)

The defendant has invoked Federal Rule of Criminal Procedure 16(a) in his motion for discovery. In addition, the Government voluntarily will comply with the requirements of Federal Rule of Criminal Procedure 16(a). Thus, the 16(b) provision of that rule are operable as to defendant.

The Government, pursuant to Rule 16(b), hereby requests the defendant to permit the Government to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of defendant and which he intends to introduce as evidence in his case in chief at trial.

The Government further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of the defendant, which he intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the defendant intends to call as a witness. The Government also requests that the Court make such orders as it deems necessary under Rule 16(d)(1) and (2) to ensure that the Government receives the discovery to which it is entitled.

### 2. Rule 26.2

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses except the defendant. The Rule thus provides for the reciprocal production of Jencks statements. As stated in pertinent part:

> After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, shall order the attorney . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession . . . .

Fed. R. Crim. P. 26.2(a).

The time frame established by the Rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the Government hereby requests that defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the court. This order should include any form these statements are memorialized in including, but not limited to, tape recordings, handwritten or typed notes and reports.

III

CONCLUSION

For the foregoing reasons, the Government respectfully requests that defendant's motions be denied and the Government motions be granted.

DATED: December 26, 2007

                                        Respectfully submitted,

                                        KAREN P. HEWITT
                                        United States Attorney

                                        s/Steve Miller

                                        STEVE MILLER
                                        Assistant U.S. Attorney

UNITED STATES OF AMERICA

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 07cr3057-WQH |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| v. ) | |
| JOSE LEONEL MAGANA, ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED THAT:

I, Steve Miller, am a Citizen of the United States over the age of eighteen years and a resident of San Diego county, California. My business address is 880 Front Street, San Diego, California 92101-8893. I am not a party to the above-entitled action. I have caused service of the Government's Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them.

1. Gary Burcham; gburcham@sbcglobal.net

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-EFC participants on this case n/a the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  December 26, 2007.

                                            s/Steve Miller
                                            STEVE MILLER