```
 1                   UNITED STATES DISTRICT COURT

 2                  SOUTHERN DISTRICT OF CALIFORNIA

 3

 4   UNITED STATES OF AMERICA,    )
                                  )
 5              PLAINTIFF,        )  CASE NO. 07CR3057-WQH
                                  )
 6                                )
                                  )
 7        VS.                     )  SAN DIEGO, CALIFORNIA
                                  )
 8                                )  APRIL 18, 2008
                                  )
 9   JOSE LOWELL MAGANA,          )
                                  )
10              DEFENDANT.        )

11

12

13              REPORTER'S TRANSCRIPT OF PROCEEDINGS

14                    SENTENCING W/PO REPORT

15            BEFORE THE HONORABLE WILLIAM Q. HAYES

16                 UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23   COURT REPORTER:         MAURALEE A. RAMIREZ
                             OFFICIAL COURT REPORTER
24                           UNITED STATES DISTRICT COURT
                             880 FRONT STREET, ROOM 4290
25                           SAN DIEGO, CALIFORNIA 92101
                             TEL.  619-236-0368
```

COMPUTER-AIDED TRANSCRIPTION

```
 1    A P P E A R A N C E S:

 2    FOR THE GOVERNMENT:

 3         U.S. ATTORNEY'S OFFICE
           BY:  STEVE MILLER
 4         ASSISTANT U.S. ATTORNEY
           880 FRONT STREET
 5         SAN DIEGO, CALIFORNIA 92101

 6    FOR THE DEFENDANT:

 7         BURCHAM AND ZUGMAN
           BY:  GARY PAUL BURCHAM, ESQ.
 8         964 5TH AVENUE, SUITE 300
           SAN DIEGO, CALIFORNIA 92101
 9         619-699-5930

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Case 3:07-cr-03057-WQH     Document 32     Filed 06/18/2008     Page 2 of 13

COMPUTER-AIDED TRANSCRIPTION

```
 1              SAN DIEGO, CALIFORNIA; MONDAY APRIL 18, 2008
 2                             10:03 A.M.
 3          THE CLERK:  CALLING NUMBER 8 ON CALENDAR, CASE
 4    07CR3057; UNITED STATES OF AMERICA VERSUS JOSE LOWELL MAGANA,
 5    ON FOR ACCEPTANCE OF PLEA WITH PROBATION OFFICE REPORT.
 6          MR. BURCHAM:  GOOD MORNING, YOUR HONOR.  GARY BURCHAM
 7    FOR MR. MAGANA.
 8          MR. MILLER:  STEVE MILLER FOR THE UNITED STATES.
 9          THE COURT:  GOOD MORNING.
10       (DEFENDANT ENTERING COURTROOM)
11          MR. BURCHAM:  MR. MAGANA IS NOW PRESENT, YOUR HONOR.
12          THE COURT:  ALL RIGHT, COUNSEL, PRIOR TO TODAY, I'VE
13    REVIEWED AND CONSIDERED THE FINDINGS AND RECOMMENDATIONS OF THE
14    MAGISTRATE JUDGE CONCERNING THE DEFENDANT'S PLEA OF GUILTY.  NO
15    OBJECTIONS WERE FILED TO THE MAGISTRATE JUDGE'S FINDINGS AND
16    RECOMMENDATIONS.  ACCORDINGLY I ADOPT THE ENTIRE FINDINGS OF
17    THE MAGISTRATE JUDGE AND ACCEPT THE DEFENDANT'S PLEA OF GUILTY.
18    PRIOR TO TODAY, I'VE ALSO REVIEWED AND CONSIDERED THE
19    PRESENTENCE REPORT, THE DEFENDANT'S SENTENCING SUMMARY CHART
20    AND THE GOVERNMENT'S SENTENCING SUMMARY CHART.  COUNSEL, HAVE
21    YOU HAD AN OPPORTUNITY TO REVIEW AND DISCUSS THE PRESENTENCE
22    REPORT WITH YOUR CLIENT?
23          MR. BURCHAM :  YES, I HAVE.
24          THE COURT:  AND IS IT CORRECT THAT NO OBJECTIONS WERE
25    FILED TO THE PRESENTENCE REPORT?
```

1          *MR. BURCHAM:*  THAT'S CORRECT.
2          *THE COURT:*  ARE THERE ANY COMMENTS THAT YOU WOULD LIKE
3   TO MAKE WITH RESPECT TO THE SENTENCE THAT THE COURT SHOULD
4   IMPOSE?
5          *MR. BURCHAM:*  YES, PLEASE.  MR. MAGANA IS 26 YEARS
6   OLD.  HE'S A U.S. CITIZEN, BUT HE HAS SPENT HIS ENTIRE LIFE IN
7   MEXICO.  HE SUPPORTS FOUR CHILDREN THROUGH HIS WORK PRIMARILY
8   AS A LANDSCAPER.  AND WE AGREE WITH THE RECOMMENDATIONS, THE
9   GUIDELINE RECOMMENDATIONS OF PROBATION AND THE GOVERNMENT.  WE
10  SIMPLY ASK THE COURT TO IMPOSE A LOW-END SENTENCE OF 24 MONTHS
11  AS OPPOSED TO THE GOVERNMENT'S RECOMMENDATION OF 27 MONTHS.
12         AS THE COURT IS AWARE, THIS IS MR. MAGANA'S SECOND
13  TIME FOR THIS SORT OF THE CRIME.  HE HAD A PRIOR MARIJUANA
14  IMPORTATION IN JANUARY 2005.  THERE IS NO EXCUSE FOR DOING THIS
15  ONCE.  THERE CERTAINLY IS LESS OF AN EXCUSE FOR DOING IT TWICE,
16  SO WE LOOKED AT MR. MAGANA, WHAT WAS HAPPENING WITH HIM AND
17  CLEARLY THIS IS A SITUATION WHERE HIS DRUG HABIT LED TO THE
18  FIRST OFFENSE, AND IT LED TO THIS OFFENSE AS WELL.
19         DESPITE ANOTHER TOUGH UPBRINGING -- THE COURT HAS BEEN
20  FULL THIS MORNING OF PEOPLE WHO HAVE HAD DIFFICULT UPBRINGINGS.
21  MR. MAGANA IS NO EXCEPTION.  HE HAS MADE A DECENT LIFE FOR
22  HIMSELF.  HE HAS WORKED VERY HARD AS A LANDSCAPER, IN THE
23  CONSTRUCTION INDUSTRY.  AND DESPITE THE FACT THAT HE HAD NO
24  OPPORTUNITIES AS A YOUNGSTER FOR EDUCATION OR JOB TRAINING, HE
25  HAS DONE OKAY FOR HIMSELF.  HE HAS WORKED HARD, AND HE IS IN A

```
 1   COMMON-LAW RELATIONSHIP.  HE SUPPORTS HIS FOUR KIDS.
 2   UNFORTUNATELY ALONG THE WAY, HE DEVELOPED A VERY NASTY
 3   METHAMPHETAMINE HABIT, AND THAT IS SOMETHING HE HAS BEEN
 4   BATTLING FOR SEVERAL YEARS.
 5        THE ONE THING HE ASKS OF THE COURT IN ADDITION TO THE
 6   LOW-END SENTENCE IS THE RECOMMENDATION FOR THE 500-HOUR DRUG
 7   PROGRAM.  HE KNOWS HE IS LUCKY TO BE A U.S. CITIZEN, HE KNOWS
 8   HE'S LUCKY TO BE ABLE TO WORK IN THIS COUNTRY TO MAKE AN HONEST
 9   WAGE FOR A DAY'S WORK, BUT HE ALSO KNOWS THAT AS LONG AS HE IS
10   USING NARCOTICS, HIS LIFE WON'T TRULY BE UNDER HIS OWN CONTROL.
11   IT WILL BE SUBJECT TO THE DRUGS.  AND SO HE WOULD ASK THIS
12   COURT FOR A RECOMMENDATION FOR THE 500-HOUR DRUG PROGRAM.
13        HE WOULD ALSO ASK THE COURT FOR A RECOMMENDATION TO
14   THE WESTERN REGION, IN PARTICULAR TO TERMINAL ISLAND.  IN
15   ADDITION TO ATTENDING THE 500-HOUR DRUG PROGRAM, HE IS
16   INTERESTED IN LEARNING SOME TRADES.  I KNOW THE TERMINAL ISLAND
17   FACILITY HAS A UNICOR PROGRAM WHERE HE COULD HOPEFULLY LEARN
18   SOME TRADES.
19        THE GOVERNMENT IS RECOMMENDING 27 MONTHS.  I THINK --
20   GIVEN THE 3553(A) FACTORS I THINK A SENTENCE OF 24 MONTHS IS
21   SUFFICIENT.  IF IT WEREN'T FOR THE DRUGS, I DON'T THINK THIS
22   HARD-WORKING MAN WOULD HAVE COMMITTED THE FIRST OFFENSE OR THE
23   SECOND OFFENSE.  I FEEL VERY STRONGLY IF HE GETS GOOD,
24   INTENSIVE DRUG COUNSELING, THIS WILL BE THE LAST TIME THE COURT
25   SEES HIM.
```

| | |
|---|---|
| 1 | *THE COURT:* IS THERE ANYTHING YOU WOULD LIKE TO SAY, |
| 2 | SIR? |
| 3 | *THE DEFENDANT(THROUGH THE INTERPRETER):* I ONLY WANT |
| 4 | TO ASK YOU TO BE JUST. I WOULD THANK YOU FROM THE BOTTOM OF MY |
| 5 | HEART, IF YOU COULD HELP ME WITH THE PROBLEM WITH DRUGS THAT I |
| 6 | DO HAVE, AS MY ATTORNEY SAID. THE ONLY THING THAT I WANT IS -- |
| 7 | I KNOW THAT I MADE A MISTAKE. THE ONLY THING THAT I WANT TO DO |
| 8 | IS PAY FOR WHAT I DID, BE REUNITED WITH MY WIFE AND CHILDREN |
| 9 | WHO ARE WAITING FOR ME IN TIJUANA. THAT'S ALL. |
| 10 | *THE COURT:* ALL RIGHT. THANK YOU. |
| 11 | MR. MILLER. |
| 12 | *MR. MILLER:* THE GOVERNMENT RECOMMENDS 27 MONTHS' |
| 13 | CUSTODY AND THREE YEARS' SUPERVISED RELEASE. THERE'S SOMETHING |
| 14 | I WOULD LIKE TO SAY, AND THIS IS FOR THE DEFENDANT'S BENEFIT. |
| 15 | ON PAGE 12, THE PROBATION DEPARTMENT NOTES, MAGANA SHOULD BE |
| 16 | MINDFUL THAT THE THIRD CONVICTION FOR SIMILAR CONDUCT OR A |
| 17 | CRIME OF VIOLENCE WOULD CLASSIFY HIM AS A CAREER OFFENDER. |
| 18 | HOPEFULLY THAT ADMONITION WOULD SERVE TO DETER HIM SINCE THAT |
| 19 | LAST TERM OF SUPERVISED RELEASE DID NOT SERVE TO DETER HIM. |
| 20 | BUT I WOULD ALSO LIKE THE DEFENDANT TO BE MINDFUL THAT |
| 21 | THIS -- SINCE THIS IS HIS SECOND FELONY DRUG CONVICTION, THERE |
| 22 | ARE CIRCUMSTANCES WHERE HE MAY BE HIRED TO DRIVE A LOAD OF |
| 23 | DRUGS ACROSS THE BORDER AND IT DOESN'T TURN OUT TO BE |
| 24 | MARIJUANA. SO IN CERTAIN EVENTS, HE MAY HAVE A RELATIVELY |
| 25 | SMALL AMOUNT OF METHAMPHETAMINE, HEROIN OR COCAINE THAT WOULD |

```
 1   TURN INTO A TEN-YEAR MINIMUM MANDATORY.  AFTER THIS CONVICTION,
 2   HE WOULD BE SUBJECTING HIMSELF TO A MINIMUM MANDATORY LIFE
 3   SENTENCE.
 4          SO IF THE LAST TERM OF SUPERVISED RELEASE DIDN'T SERVE
 5   TO DETER HIM AND YOUR TERM OF SUPERVISED RELEASE DOESN'T SERVE
 6   TO DETER HIM, KEEPING THAT IN MIND, THAT THE NEXT SENTENCE
 7   COULD POSSIBLY BE A LIFE SENTENCE OUGHT TO SERVE TO DETER HIM.
 8          *THE COURT:*  ALL RIGHT.  IN THIS INSTANCE, ON OCTOBER
 9   8TH OF '07, THE DEFENDANT WAS THE DRIVER AND SOLE OCCUPANT OF A
10   VEHICLE AT THE SAN YSIDRO PORT OF ENTRY.  HE WAS TO BE PAID
11   APPROXIMATELY $500 TO DRIVE THE VEHICLE.  THE AMOUNT OF THE
12   MARIJUANA WAS APPROXIMATELY 50 KILOGRAMS.  THE BASE OFFENSE
13   LEVEL PURSUANT TO SECTION 2D1.1(C)(10) IS 20.  THE DEFENDANT
14   DOES QUALIFY FOR A ROLE IN THE OFFENSE.  IT'S A TWO-LEVEL
15   REDUCTION FOR ROLE PURSUANT TO SECTION 3B1.2(D).  THE PLEA
16   AGREEMENT RECOMMENDS IT, AND THE COURT DOES FIND THE FACTS THAT
17   ARE SET FORTH IN THE PRESENTENCE REPORT SUPPORT THAT HE WAS, IN
18   ESSENCE, A COURIER WHO WAS BEING PAID THE $500 TO DRIVE THE
19   VEHICLE FROM MEXICO INTO THE UNITED STATES.
20          THE ADJUSTED OFFENSE LEVEL IS 18.  THERE IS A
21   THREE-LEVEL REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY PURSUANT
22   TO SECTION 3E1.1.  THAT LEAVES A TOTAL OFFENSE LEVEL OF 15.
23   THE DEFENDANT DOES HAVE FOUR CRIMINAL HISTORY POINTS.  AS
24   INDICATED, IN JANUARY OF '05, HE IN ESSENCE COMMITTED ALMOST AN
25   IDENTICAL OFFENSE FOR WHICH HE RECEIVED TWO POINTS AND THEN
```

```
 1   BECAUSE HE IS ON SUPERVISED RELEASE IN THAT CASE, HE RECEIVES
 2   AN ADDITIONAL TWO POINTS WHICH GIVES HIM FOUR AND PLACES HIM IN
 3   A CRIMINAL HISTORY CATEGORY III.
 4         HE DOES HAVE SOME OTHER LAW ENFORCEMENT CONTACTS.  ONE
 5   OF THEM WAS A NOVEMBER 19TH, 2002 ARREST AT THE SAN YSIDRO PORT
 6   OF ENTRY FOR THE HEALTH AND SAFETY CODE VIOLATION THAT DEALT
 7   WITH MARIJUANA.  PROSECUTION OF THAT CASE WAS DECLINED.  I DO
 8   FIND THAT THE ADVISORY GUIDELINE RANGE IS 24 TO 30 MONTHS.
 9         THE NATURE AND CIRCUMSTANCES OF THE OFFENSE ARE NOT
10   PARTICULARLY AGGRAVATED.  THE HISTORY AND CHARACTERISTICS OF
11   THE DEFENDANT, CERTAINLY THE MOST AGGRAVATING FACTOR IS HE WAS
12   ON SUPERVISED RELEASE FOR DOING ALMOST THE IDENTICAL OFFENSE.
13   THE AMOUNT OF MARIJUANA INVOLVED WAS APPROXIMATELY 40 POUNDS.
14         CERTAINLY THE NEED TO REFLECT THE SERIOUSNESS OF THE
15   OFFENSE, PROMOTE RESPECT FOR THE LAW AND PROVIDE JUST
16   PUNISHMENT, THE SENTENCE NEEDS TO BE INCREASED, AND HOPEFULLY
17   THAT WILL AFFORD ADEQUATE DETERRENCE TO THE -- RELIEF FROM THE
18   CONDUCT.
19         THE COURT IS GOING TO IMPOSE A 27-MONTH SENTENCE.  I
20   DO FIND THAT IS THE MINIMUM SENTENCE TO SATISFY THE 3553
21   FACTORS.  IT IS TO BE TAKEN INTO ACCOUNT IT IS ALMOST THE SAME
22   OFFENSE THAT WAS COMMITTED IN JANUARY OF '05.  AT THAT TIME,
23   THE DEFENDANT DID RECEIVE A SIX-MONTH SENTENCE.  I DON'T THINK
24   THAT A 27-MONTH SENTENCE IN THIS CASE WILL PROMOTE UNWARRANTED
25   SENTENCING DISPARITIES IN LIGHT OF THE DEFENDANT'S CRIMINAL
```

```
 1   RECORD.  I'M AWARE OF THE OTHER TYPES OF SENTENCES THAT ARE
 2   AVAILABLE, BUT I DO THINK IT IS THE SENTENCE THAT IS NECESSARY
 3   TO PROTECT THE PUBLIC FROM FURTHER CRIMES OF THE DEFENDANT.
 4   AND, AS INDICATED, I DO NOTE THIS IS NOT HIS FIRST CONTACT WITH
 5   LAW ENFORCEMENT FOR THIS TYPE OF ACTIVITY, AND I DON'T THINK
 6   THAT -- OBVIOUSLY I KNOW HE WAS NOT SUFFICIENTLY DETERRED THE
 7   FIRST TIME.
 8        I HAVE CONSIDERED ALL THE 3553 FACTORS, THOSE THAT I
 9   SPECIFICALLY ADDRESSED AND THE REMAINDER THAT I HAVE NOT AND DO
10   CONCLUDE THE 27-MONTH SENTENCE IS THE MINIMUM SENTENCE TO
11   SATISFY THE 3353 FACTORS.  THEREFORE, PURSUANT TO THE
12   SENTENCING REFORM ACT OF 1984, IT IS THE JUDGMENT OF THIS COURT
13   THAT DEFENDANT BE COMMITTED TO THE BUREAU OF PRISONS TO BE
14   IMPRISONED FOR A TERM OF 27 MONTHS.
15        UPON RELEASE FROM IMPRISONMENT, THE DEFENDANT SHALL BE
16   PLACED ON A THREE-YEAR TERM OF SUPERVISED RELEASE, SUBJECT TO
17   THE STANDARD CONDITIONS, IN ADDITION THE FOLLOWING SPECIAL
18   CONDITIONS:
19        THAT HE SUBMIT TO A SEARCH OF HIS PERSON, PROPERTY,
20   RESIDENCE, ABODE OR VEHICLE AT A REASONABLE TIME AND A
21   REASONABLE MANNER BY THE PROBATION OFFICER; THAT HE REPORT ALL
22   VEHICLES OWNED OR OPERATED OR IN WHICH HE HAS AN INTEREST TO
23   THE PROBATION OFFICER; THAT HE NOT ENTER OR RESIDE IN THE
24   REPUBLIC OF MEXICO WITHOUT PERMISSION OF THE PROBATION OFFICER;
25   THAT HE PARTICIPATE IN A PROGRAM OF DRUG OR ALCOHOL ABUSE
```

```
 1   TREATMENT, INCLUDING DRUG TESTING AND COUNSELING AS DIRECTED BY
 2   THE COURT OR THE PROBATION OFFICER.  THE DEFENDANT MAY BE
 3   REQUIRED TO CONTRIBUTE TO THE COST OF SERVICES RENDERED IN AN
 4   AMOUNT TO BE DETERMINED BY THE PROBATION OFFICER BASED UPON
 5   ABILITY TO PAY.
 6         THE COURT DOES NOT IMPOSE A FINE, FINDING THE
 7   DEFENDANT DOES NOT HAVE THE FINANCIAL ABILITY TO PAY A FINE.
 8   THE COURT DOES IMPOSE THE REQUIRED $100 MANDATORY SPECIAL
 9   PENALTY ASSESSMENT.
10         I WILL RECOMMEND THAT THE DEFENDANT BE PERMITTED TO
11   PARTICIPATE IN THE 500-HOUR DRUG TREATMENT PROGRAM.  I DO FIND
12   THAT THE PRESENTENCE REPORT ON PAGE 6, THAT THE MCC RECORDS
13   REFLECT THE DEFENDANT DID DISCLOSE HE HAD USED CRYSTAL AND ALSO
14   WHILE HE WAS ON SUPERVISED RELEASE IN THE PREVIOUS CASE, IN
15   ESSENCE, FOR COMMITTING ALMOST THE IDENTICAL CONDUCT, HE DID
16   SUBMIT POSITIVE -- OR IT'S ALLEGED THAT HE DID SUBMIT POSITIVE
17   DRUG TESTS, SO I DO FIND THERE IS SUFFICIENT INFORMATION IN THE
18   PRESENTENCE REPORT.
19         ALTHOUGH I WOULD SAY, COUNSEL, IF THIS OTHER
20   INFORMATION WASN'T THERE, I WOULDN'T RECOMMEND IT.  AND I NOTE
21   UNDER SUBSTANCE ABUSE, YOUR CLIENT ELECTED NOT TO DISCUSS
22   SUBSTANCE ABUSE WITH THE PROBATION DEPARTMENT.  SO HAD THERE
23   NOT BEEN ANY OTHER INDEPENDENT INFORMATION IN THE PRESENTENCE
24   REPORT, I WOULD NOT RECOMMEND THE 500-HOUR DRUG TREATMENT
25   PROGRAM.  EVEN THOUGH HE DECLINED TO DISCUSS IT, THERE IS OTHER
```

```
 1  INFORMATION IN THE PRESENTENCE REPORT THAT I THINK WARRANTS IT,
 2  BUT IF THAT INFORMATION WAS NOT THERE BECAUSE HE ELECTED NOT TO
 3  DISCUSS IT, I WOULD NOT RECOMMEND IT.  BUT FOR THE REASONS
 4  STATED, I DO RECOMMEND IT IN THIS CASE.
 5          MR. BURCHAM:  I UNDERSTAND.
 6          THE COURT:  I WILL RECOMMEND AS WELL THAT THE
 7  DEFENDANT BE DESIGNATED TO THE WESTERN REGION.  I'LL DECLINE TO
 8  RECOMMEND A PARTICULAR INSTITUTION, BUT I WILL RECOMMEND THAT
 9  HE BE DESIGNATED TO THE WESTERN REGION.
10          AS I UNDERSTAND IT, COUNSEL, THERE IS NO PLEA
11  AGREEMENT IN THIS CASE, AND YOUR CLIENT HAS RETAINED HIS RIGHT
12  TO APPEAL THE CONVICTION SENTENCE; IS THAT CORRECT?
13          MR. BURCHAM:  THAT'S CORRECT.
14          THE COURT:  ALL RIGHT, SIR, YOU HAVE A RIGHT TO APPEAL
15  FROM THE JUDGMENT OF THIS COURT IN IMPOSING SENTENCE ON YOU
16  TODAY.  THAT MEANS IF YOU WISH TO APPEAL, YOU MUST FILE A
17  WRITTEN NOTICE OF YOUR INTENTION TO APPEAL WITHIN TEN DAYS FROM
18  THE ENTRY OF JUDGMENT.  THE NOTICE MUST BE IN WRITING, SIGNED
19  BY YOU, YOUR ATTORNEY OR BOTH.  IT MUST SPECIFY WHAT IT IS YOU
20  ARE APPEALING FROM.  IF YOU WISH TO APPEAL AND DO NOT HAVE THE
21  FINANCIAL ABILITY TO RETAIN THE SERVICES OF AN ATTORNEY, THE
22  APPELLATE AUTHORITIES WILL APPOINT COUNSEL FOR YOU.
23          DO YOU UNDERSTAND THAT UNLESS YOU FILE A WRITTEN
24  NOTICE OF YOUR INTENTION TO APPEAL IN THIS COURT AND NOT THE
25  COURT APPEALS WITHIN TEN DAYS OF THE ENTRY OF JUDGMENT, YOU
```

```
 1  WILL LOSE THAT RIGHT FOREVER?
 2          THE DEFENDANT:  YES.
 3          THE COURT:  ALL RIGHT.  AND, COUNSEL, YOU WILL ASSIST
 4  YOUR CLIENT IN FILING THE NOTICE OF APPEAL IF HE ELECTS TO
 5  APPEAL?
 6          MR. BURCHAM:  YES, I WILL.
 7          THE COURT:  ALL RIGHT.  ANYTHING FURTHER, COUNSEL?
 8          MR. MILLER:  THE GOVERNMENT'S MOTION OF REMAINING
 9  COUNTS.
10          THE COURT:  ALL RIGHT.  THE REMAINING COUNTS WILL BE
11  DISMISSED.
12          WOULD YOU PLEASE COME FORWARD, COUNSEL, AND OBTAIN A
13  COPY OF THE TERMS OF SUPERVISED RELEASE AND PROVIDE A COPY OF
14  THOSE TO YOUR CLIENT.
15      (COUNSEL COMPLIES)
16          THE COURT:  ANYTHING FURTHER, COUNSEL?
17          MR. BURCHAM:  NO, THANK YOU VERY MUCH.
18          THE COURT:  GOOD LUCK TO YOU, SIR.
19  ***   END OF REQUESTED TRANSCRIPT ***
20                              -OOO-
21
22
23
24
25
```

```
 1                       C E R T I F I C A T I O N
 2          I HEREBY CERTIFY THAT I AM A DULY APPOINTED, QUALIFIED
 3   AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED STATES
 4   DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND CORRECT
 5   TRANSCRIPT OF THE PROCEEDINGS HAD IN THE AFOREMENTIONED CAUSE
 6   ON APRIL 18, 2008; THAT SAID TRANSCRIPT IS A TRUE AND CORRECT
 7   TRANSCRIPTION OF MY STENOGRAPHIC NOTES; AND THAT THE FORMAT
 8   USED HEREIN COMPLIES WITH THE RULES AND REQUIREMENTS OF THE
 9   UNITED STATES JUDICIAL CONFERENCE.
10
11   DATE:  MAY 27, 2008, AT SAN DIEGO, CALIFORNIA.
12                                     S/MAURALEE A. RAMIREZ
13                                     MAURALEE A. RAMIREZ
                                       OFFICIAL COURT REPORTER
14                                     RPR, CSR NO. 11674
15
16
17
18
19
20
21
22
23
24
25
```

COMPUTER-AIDED TRANSCRIPTION